UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL,

               Plaintiff,               Case No. 05-71493

vs.

                              HONORABLE BERNARD A. FRIEDMAN
                              MAGISTRATE JUDGE STEVEN D. PEPE

JOSEPH NOVAK, et al

               Defendants.

_____/

OPNION AND ORDER DENYING DEFENDANT NOKAK'S MOTION FOR REVOCATION
OF PLAINTIFF'S PAUPER STATUS BASED O N THREE STRIKES RULE (#11)

      This matter is before the Court pursuant to Plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 on April 18, 2005.  Plaintiff was granted *in forma pauperis* status on May 6, 2005 (#4), allowing him to proceed in this matter without the prepayment of the filing fee and service costs.  On June 28, 2005, Defendant Jim Novak filed his Motion For Revocation Of Plaintiff's Pauper Status Based On Three Strikes Rule (#11) and Plaintiff responded on July 22, 2005 (#13).  This case was referred to the undersigned pursuant to 28 U.S.C. 636 (b)(1)(B).  For the reasons stated below, Defendant's motion is DENIED.

      Plaintiff's complaint was submitted to this Court on a form that was designed to assist incarcerated persons proceeding *pro se* under 42 U.S.C. § 1983.  The form contains instructions before each section and, in the section entitled "Previous Lawsuits," the form explains that "Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding in fomra pauperis and require you to pay the entire

$150 filing fee regardless whether your complaint is dismissed."[1]

Ignoring this warning, and despite the fact that Plaintiff had filed fifteen previous lawsuits, Plaintiff checked the box indicating that he had not filed any previous lawsuits while incarcerated (# 3). As of this date, many of Plaintiff's prior lawsuits have been dismissed for failure to state a claim, and it is on this basis that Defendant Novak has moved this Court for revocation of Plaintiff's *in forma pauperis* status. Yet, while Plaintiff's failure to supply the requested information in his complaint and complete lack of explanation for such in his Response is disturbing[2], the fact remains that only one of Plaintiff's prior cases was actually dismissed prior to his filing the present lawsuit, and this fact defeats Defendant Novak's present motion.

The Act states that:

> In no event shall a prisoner bring a civil action...under this section if the prisoner has, on 3 or more *prior* occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that *was* dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915 (emphasis added).

The plain language of the statute indicates that a prisoner is barred from *bringing* an action with pauper status if they *previously* had three or more actions dismissed on the grounds stated. This is not a case, as Defendant Novak alleges, where pauper status was improvidently granted to a

---

[1] This language is in compliance with the Prison Litigation Reform Act (Act) and the relevant case law, which allows the court to collect the complete filing fee despite dismissal of a party's case. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*; 114 F.3d 601, 608 (6th Cir. 1997).

[2] In his Response Plaintiff contends that Sixth Circuit should consider his argument that the "three strikes" provision of § 1915(g) violates his First and Fourteenth Amendment rights; similar arguments have already been expressly rejected by the Sixth Circuit. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998).

prisoner who already had his "three strikes."  Therefore, Defendant's motion must be denied.


       SO ORDERED.


Dated: August 23, 2005                  s/Steven D. Pepe_____
Ann Arbor, Michigan               United States Magistrate Judge


Certificate of Service

       I hereby certify that on August 23, 2005, I electronically filed the foregoing order with the Clerk of the Court using the ECF system which will send notification of such filing to: Diane Smith, and I further certify that I mailed a copy to the following non-ECF participant: Perry Mackall.

                        s/William J. Barkholz___
                        Courtroom Deputy Clerk